In the

# United States Court of Appeals
## For the Seventh Circuit

No. 14-2123

ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS, INC.,
and ROBERT T. MCQUEENEY,

*Plaintiffs-Appellants*,

*v.*

JOHN KOSKINEN, Commissioner of Internal Revenue,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 13-C-1214 — **William C. Griesbach**, *Chief Judge*.

ARGUED SEPTEMBER 16, 2014 — DECIDED SEPTEMBER 19, 2014

Before BAUER, POSNER, and EASTERBROOK, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. The Patient Protection and Affordable Care Act requires almost everyone to have health insurance. See *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012). The principal enforcement mechanism is a tax that most businesses must pay if they fail to provide health insurance as a fringe benefit, or that anyone not covered by an employer's plan must pay in lieu of

purchasing insurance. 26 U.S.C. §§ 4980H, 5000A. The Internal Revenue Service has announced that it will collect the tax in 2014 from uninsured persons, but not from certain businesses that fail to provide insurance as a fringe benefit. IRS Notice 2013-45, 2013-31 I.R.B. 116. Plaintiffs asked the district court to enjoin what they describe as a violation of the separation of powers (perhaps more accurately of Art. II §3, which requires the President to "take Care that the Laws be faithfully executed") and the Tenth Amendment. But plaintiffs do not complain about their own taxes, so the district court dismissed the suit for want of standing. 2014 U.S. Dist. Lexis 34980 (E.D. Wis. Mar. 18, 2014).

Plaintiff McQueeney is a physician; the other plaintiff is an association of physicians. McQueeney and many of the Association's members operate cash-only practices and do not accept insurance. One would suppose, therefore, that they are better off as a result of the IRS's policy, for fewer people will carry insurance and plaintiffs will have more potential to attract business. They appear to believe, however, that insurance is "free" to workers—that wages do not adjust to reflect the value of pensions, insurance, and other fringe benefits. If that is so, then employers that do not provide insurance also will not offer higher wages (other things equal). Then, when workers buy their own insurance (or pay the penalty tax), they will have less income available to purchase medical care from plaintiffs. That change in the demand for their services gives them standing, plaintiffs maintain. By the same logic, they could litigate about *any* tax policy. If the IRS issues rules forbidding certain tax shelters, plaintiffs could demand a judicial review of the rules even though they have not used any similar devices to shelter their own incomes, because, whenever the IRS collects more

in taxes (especially from those taxpayers most likely to afford medical care out of pocket), people have less income to buy the medical care that plaintiffs offer.

This is not, however, the Supreme Court's view of standing. The Court has rejected efforts by one person to litigate about the amount of someone else's taxes (or someone else's subsidies, which are taxes in reverse). See, e.g., *Hein v. Freedom from Religion Foundation, Inc.*, 551 U.S. 587 (2007); *Allen v. Wright*, 468 U.S. 737 (1984); *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26 (1976); *Warth v. Seldin*, 422 U.S. 490 (1975). In *Allen* parents whose children attended public schools contested the IRS's approach to tax exemptions for private schools, arguing that permitting schools that engaged in racial discrimination to obtain exemptions affects the composition of the student population in the public schools too. The Court replied that such an effect is too remote to provide standing, because it depends on the reactions of many intermediate actors, including the private schools and the parents of children at both public and private schools. The longer the causal chain, the less appropriate it is to entertain standing, the Court explained.

In a market economy everything is connected to everything else through the price system. To allow a long, intermediated chain of effects to establish standing is to abolish the standing requirement as a practical matter—and the decisions we have cited are just a few among the many that refuse to follow that path.

Plaintiffs do not contend that the causal chain from the tax collector's acts to their (asserted) injury is shorter than the ones held too long in *Allen* and similar decisions. Instead they assert that *Allen* is irrelevant because the claim there

arose under the Equal Protection Clause, while plaintiffs' claim rests on the Tenth Amendment and separation of powers. That has nothing to do with standing, however. A different substantive claim does not establish injury in fact, causation, and redressability, the three elements of constitutional standing to sue. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiffs rely especially on *Bond v. United States*, 131 S. Ct. 2355 (2011), which holds that a private person may present arguments based on the Tenth Amendment and the Commerce Clause. Yet *Bond* does not hold that *everyone* is entitled to litigate about the division between state and federal authority. The Supreme Court does not think that the Constitution's structural features are open to litigation by persons who do not suffer particularized injuries. See, e.g., *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208 (1974); *United States v. Richardson*, 418 U.S. 166 (1974). Bond was prosecuted, convicted, and sentenced to prison under a statute that, she contended, Congress lacked the authority to enact. She sought to remain free. Injury, causation, and redressability were easy to establish. Plaintiffs, by contrast, invoke a long and contestable chain of causation; they do not complain about anything done to them personally. That's why *Allen* and similar decisions require dismissal.

Plaintiffs would be the wrong persons to litigate even if they had standing. Only persons seeking to advance the interests protected by the mandatory-insurance portions of the Affordable Care Act would have a plausible claim to relief. See *Lexmark International, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014) (discussing the zone-of-interests requirement). Yet plaintiffs, who do not accept insured pa-

tients, want to reduce rather than increase the number of persons who carry health insurance. Someone else would be a much more appropriate champion of the contention that the IRS has not done what it should to accomplish the statute's goal of universal coverage.

AFFIRMED