> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 16, 2018[*]
Decided March 16, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2142

| | |
|---|---|
| MICHAEL E. BARGO, JR., | Appeal from the United States District Court |
| *Plaintiff-Appellant*, | for the Central District of Illinois. |
| | |
| *v.* | No. 16-CV-3273 |
| | |
| BRUCE V. RAUNER, et al., | Colin S. Bruce, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Michael Bargo is frustrated with the State of Illinois's budget. He blames the State's financial situation on the state constitution's "pension protection clause," which provides that membership in a pension system sponsored by the state, its agencies, or its political subdivisions "shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." ILL. CONST. art. XIII, § 5; *In re Pension Reform Litig.*, 32 N.E.3d 1, 4, 45 (Ill. 2015). As Bargo sees it, this provision unfairly

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

advantages state pensioners over other Illinois residents, necessitating huge payments to program funds, with the result that taxes have to be raised and funds diverted away from public services.

Bargo brought suit in federal district court against the governor, the state attorney general, and the leaders of both chambers of the state legislature. He sought a declaration that the pension-protection clause violates his federal right to equal protection and an injunction that would prohibit the state from enforcing the pension-protection clause or any derivative legislation. The judge dismissed the suit with prejudice, reasoning that these provisions of Illinois law do not create classifications that violate the federal constitution.

On appeal Bargo raises numerous challenges to the judge's ruling, but we need not address them because a fundamental flaw dooms the suit: Bargo lacks standing to litigate his generalized grievance about the Illinois Constitution in federal court. To invoke Article III standing, a plaintiff must allege, among other things, that he has suffered a concrete and particularized injury. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Even with the benefit of liberal construction, Bargo's pro se complaint does not plausibly plead such an injury. Bargo alleges that the pension-protection clause advantages public pensioners over other Illinois residents, but "[t]he mere allegation of unequal treatment, absent some kind of actual injury, is insufficient to create standing." *Johnson v. U.S Office of Pers. Mgmt.*, 783 F.3d 655, 665 (7th Cir. 2015). And even if, as Bargo alleges, the funding of public pensions in Illinois results in higher taxes and fewer public services, those injuries are borne by millions of Illinois residents, making these injuries too generalized to confer standing on Bargo. *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974); *Ass'n of Am. Physicians & Surgeons, Inc. v. Koskinen*, 768 F.3d 640, 642 (7th Cir. 2014); *Rifkin v. Bear Stearns & Co., Inc.*, 248 F.3d 628, 632 (7th Cir. 2001).

Because Bargo lacks standing, the judge should not have reached the merits of his suit. We thus VACATE the judgment and REMAND with instructions to dismiss for lack of a case or controversy. We DENY Bargo's request for en banc hearing.